# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

BRADLEY MOORE, )
 )
    Plaintiff, )
 )
v. ) Case No. CIV-18-634-G
 )
ANDREW SAUL, )
Commissioner of Social Security,[1] )
 )
    Defendant. )

## OPINION AND ORDER

Plaintiff Bradley Moore brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, *id.* §§ 1381-1383f. Upon review of the administrative record (Doc. No. 11, hereinafter "R. _"),[2] and the arguments and authorities submitted by the parties, the Court affirms the Commissioner's decision.

### PROCEDURAL HISTORY

Plaintiff filed his SSI application on March 4, 2012, ultimately alleging a disability onset date of March 4, 2012. R. 28, 48, 110, 368. Following denial of his application initially and on reconsideration, a hearing was held before an Administrative Law Judge

---

[1] The current Commissioner is hereby substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

[2] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

("ALJ") on September 10, 2013. R. 26-47, 54-57, 63-64. In addition to Plaintiff, a vocational expert ("VE") testified at the hearing. R. 44-47. The ALJ issued an unfavorable decision on November 27, 2013, and the SSA Appeals Council denied Plaintiff's request for review. R. 1-4, 5-22.

Plaintiff appealed the Commissioner's decision to this Court, and on May 26, 2016, this Court reversed the Commissioner's decision and remanded the case for further proceedings. R. 442, 443-55. On remand, a hearing was conducted before the ALJ on May 2, 2017. R. 395-410. Plaintiff appeared at the hearing, along with a vocational expert. R. 404-10. The ALJ issued an unfavorable decision on October 19, 2015. R. 365-87. The SSA Appeals Council denied Plaintiff's request for review, making the ALJ's unfavorable decision the final decision of the Commissioner. R. 360-64; *see* 20 C.F.R. § 416.1481. This action for judicial review followed.

ADMINISTRATIVE DECISION

As relevant here, the Commissioner uses a five-step sequential evaluation process to determine entitlement to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 4, 2012. R. 370. At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative disc disease, obesity, benign positional vertigo, depressive disorder NOS, and anxiety disorder NOS. R. 371. At step three, the ALJ found that Plaintiff's condition did not meet or equal any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 371-73.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") based on all of his medically determinable impairments ("MDIs"). R. 373-85. The ALJ found that Plaintiff has the RFC to

> lift and carry 20 pounds occasionally and 10 pounds frequently. [Plaintiff] can sit for about 6 hours during an eight-hour workday and can stand and walk for about 6 hours during an eight-hour workday. [Plaintiff] can occasionally climb, balance, stoop, kneel, crouch, and crawl. [Plaintiff] is to avoid concentrated exposure to hazards, such as unprotected heights and machinery. [Plaintiff] can understand, remember, and carry out simple, routine, and repetitive tasks. [Plaintiff] can respond appropriately to supervisors and co-workers on a superficial work basis. [Plaintiff] can have no contact with the general public. [Plaintiff] can respond appropriately to usual work situations.

R. 373. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. R. 385.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of his age, education, work experience, and RFC—could perform. R. 385-86. Relying upon the VE's testimony regarding the degree of erosion to the unskilled light occupational base caused by Plaintiff's additional limitations, the ALJ concluded that Plaintiff could perform light occupations such as office clerk, mail clerk, and collator operator, and that such occupations offer jobs that exist in significant numbers in the national economy. R. 386. Therefore, the ALJ determined that Plaintiff had not been disabled within the meaning of the Social Security Act during the relevant time period. R. 386.

STANDARD OF REVIEW

Judicial review of the Commissioner's final decision is limited to determining whether factual findings are supported by substantial evidence in the record as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously examine[s] the record as a whole," including any evidence "that may undercut or detract from the ALJ's findings," "to determine if the substantiality test has been met." *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). While a reviewing court considers whether the Commissioner followed applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In this action, Plaintiff argues that the ALJ (1) improperly evaluated the medical opinion of Joe Shaleen, M.A., L.P.C., and (2) erroneously excluded functional limitations from the RFC related to Plaintiff's benign positional vertigo. *See* Pl.'s Br. (Doc. No. 13) at 4-13.

I. *The ALJ's Evaluation of the Non-Treating Medical Source Opinion*

Plaintiff's medical evidence includes several sets of treatment records from Mr. Shaleen, a licensed professional counselor. R. 254, 255-95, 296-356, 635-38, 639-47. The record additionally contains a Medical Source Statement ("MSS") completed by Mr. Shaleen on February 6, 2013 (R. 239-42), an addendum to the MSS dated November 29, 2016 (R. 642-43), and two Psychiatric Review Technique forms completed by Mr. Shaleen on September 19, 2013 (R. 255-68) and December 5, 2016 (R. 648-61), respectively.

   a. The Relevant Record

In his MSS, Mr. Shaleen opined that he "believe[d] that in the past [Plaintiff] has met the DSM-IV-TR criteria for 296.34 Major Depressive Disorder, Recurrent, Severe with Mood-Incongruent Psychotic Features, and currently meets the criteria for 296.33 Major Depressive Disorder, Recurrent, Severe Without Psychotic Features." R. 242 (emphasis omitted). Mr. Shaleen then opined in his 2013 Psychiatric Review Technique form that Plaintiff's condition meets the criteria of listing 12.04 for Affective Disorders and that Plaintiff has mild restrictions in activities of daily living, marked difficulties in maintaining social functioning, and marked difficulties in maintaining concentration, persistence, or pace. R. 255, 265.

In his 2016 addendum to the MSS, Mr. Shaleen noted that Plaintiff had reported an "inability to engage or effectively navigate the complexities of interpersonal workplace relationships[] or deal emotionally with the inevitable demands and anxieties that work experiences have held for him in the past and would in the future." R. 643. Finally, in his 2016 Psychiatric Review Technique form, Mr. Shaleen opined that Plaintiff's condition

5

meets the criteria of listing "296.33" and listings 12.04 Affective Disorders and 12.06 Anxiety-Related Disorders. R. 648. Mr. Shaleen noted that Plaintiff had marked restrictions in activities of daily living, marked difficulties in maintaining concentration, persistence, or pace, and extreme difficulties in maintaining social functioning. R. 658.

    b. <u>Discussion</u>

Mr. Shaleen is not an "acceptable" medical source and therefore cannot give a "medical opinion" within the meaning of the Commissioner's regulations. *See* 20 C.F.R. § 416.913(a)(1)-(5); SSR 06-3p, 2006 WL 2329939, at *2 (Aug. 9, 2006). "Medical opinions are statements from . . . 'acceptable medical sources' that reflect judgments about the nature and severity of an individual's impairment(s), including symptoms, diagnosis and prognosis, what the individual can still do despite the impairment(s), and physical and mental restrictions." SSR 06-3p, 2006 WL 2329939, at *2 (citing 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2)). Though not an "acceptable" medical source under the regulations, Mr. Shallen is an "other" medical source, and his opinions therefore may be relied upon "to show the severity of the individual's impairment(s) and how it affects the individual's ability to function." *Id.*; *see* 20 C.F.R. § 416.913(a)(3); *see also id.* § 416.927(f)(1) (eff. Mar. 27, 2017).

Opinions from medical sources who are not "acceptable" medical sources "are important" and "should be evaluated on key issues such as impairment severity and functional effects." SSR 06-3p, 2006 WL 2329939, at *3. When evaluating such opinions, the ALJ should consider the factors set out in 20 C.F.R. § 416.927(c), which apply equally to "all opinions from medical sources who are not 'acceptable medical sources.'" *Id.* at

6

*4; *see also* 20 C.F.R. § 416.927(f)(1); *Frantz v. Astrue*, 509 F.3d 1299, 1302 (10th Cir. 2007). These factors include:

- How long the source has known and how frequently the source has seen the individual;

- How consistent the opinion is with other evidence;

- The degree to which the source presents relevant evidence to support an opinion;

- How well the source explains the opinion;

- Whether the source has a specialty or area of expertise related to the individual's impairments(s); and

- Any other factors that tend to support or refute the opinion.

SSR 06-3p, 2006 WL 2329939, at *4-5. "[W]hen such opinions may have an effect on the outcome of the case," the ALJ "generally should explain the weight given" to the opinion or "otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning." *Id.* at *6; *accord Frantz*, 509 F.3d at 1302.

In his written decision, the ALJ discussed at length Mr. Shaleen's treatment records, MSS, MSS addendum, and two Psychiatric Review Technique forms. R. 379-84. The ALJ then assigned Mr. Shaleen's opinions little weight based upon an analysis of the factors prescribed in 20 C.F.R. § 416.927(c) and SSR 06-3p.

First, the ALJ explained that

> Mr. Shaleen's opinion is inconsistent with the statements of Dr. Rothwell, to whom the claimant reported stable mental health. Although Dr. Rothwell prescribes psychotropic medication for the claimant, he reports no observation of abnormalities. . . . Moreover, a February 2017 depression

7

screen showed negative findings, with no feeling down, depressed, or hopeless.

R. 384 (citation omitted). Plaintiff objects that the ALJ's finding of inconsistency was flawed. Pl.'s Br. at 6-9. According to Plaintiff, Dr. Rothwell's statements that Plaintiff's depression and anxiety were "stable," *see* R. at 234, 629, 679, constitute medical opinions, rather than subjective statements made by Plaintiff to Dr. Rothwell. Plaintiff fails to show the significance of this distinction. The regulatory factors prescribe that the ALJ may take into account inconsistencies of an opinion with "other evidence," whether objective medical evidence, opinion evidence, or subjective statements. *See* SSR 06-3p, 2006 WL 2329939, at *4; 20 C.F.R. § 416.927(c)(4) ("[T]he more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion.").

Regarding the ALJ's second example of inconsistency—Dr. Rothwell's 2017 "depression screen show[ing] negative findings, with no feeling down, depressed, or hopeless," R. 384 (citing R. 679)—Plaintiff argues that this record was only a "snapshot of a two-week period" and that other evidence shows "chronic anxiety and depression spanning years." Pl.'s Br. at 9. This misses the point. Plaintiff's severe impairments of anxiety and depression are not in dispute. The 2017 screening shows an inconsistency between Plaintiff's reports of the extent of his symptoms to Mr. Shaleen and his reports of symptoms to Dr. Rothwell. *Compare, e.g.*, R. 642-43 (Mr. Shaleen's 2016 statement that Plaintiff reported "living in a state of depressed, anxious limbo"), *with* R. 679 (Dr. Rothwell's 2017 screening: "In last 2 weeks have you been bothered by Little interest or pleasure in doing things  No, Feeling down, depressed, or hopeless  No"). The ALJ

properly identified this inconsistency in his consideration of Mr. Shaleen's statements under 20 C.F.R. § 416.927(c) and SSR 06-3p.

As an additional reason for according Mr. Shaleen's opinion little weight, the ALJ stated,

> Although Mr. Shaleen has seen the claimant regularly and numerous times since 2006, reportedly at least once every two weeks, his notes do not reflect objective findings, so his statements are not supported by medically acceptable clinical diagnostic techniques.

R. 384. Plaintiff argues that this rationale is flawed because "objective findings only come into play when deciding whether to grant an opinion *controlling weight*." Pl.'s Br. at 11. The degree to which "a medical source presents relevant evidence to support a medical opinion, particularly medical signs and laboratory findings," is a clearly articulated factor under 20 C.F.R. § 416.927(c) and SSR 06-3p relevant to the ALJ's consideration of "other source" opinions. 20 C.F.R. § 416.927(c)(3); *see* SSR 06-3p, 2006 WL 2329939, at *4. The ALJ's finding in this regard is supported by Mr. Shaleen's own statements that he based the "information and impressions" included in his MSS and addendum on "[Plaintiff's] relaying of his experiences to [Mr. Shaleen]" and that his role was "not a formally evaluative role." R. 384, 643.

Finally, the ALJ noted that Mr. Shaleen "provided no written explanation for the boxes checked" on the Psychiatric Review Technique form indicating certain functional limitations. R. 383, 658; *see* SSR 06-3p, 2006 WL 2329939, at *4 (identifying "[h]ow well the source explains the opinion" as a factor ALJs should consider when evaluating "other

source" opinions); 20 C.F.R. § 416.927(c)(3) ("The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion.").

For these reasons, Plaintiff has not shown that the ALJ failed to properly evaluate Mr. Shaleen's opinions under correct legal standards or that substantial evidence does not support the ALJ's conclusions.

II. *The ALJ's Exclusion from the RFC of Additional Functional Limitations Related to Vertigo*

Plaintiff next contends that because the ALJ made the finding that Plaintiff's benign positional vertigo was a severe impairment at step two, he necessarily should have included corresponding limitations in the RFC. *See* Pl.'s Br. at 12-13.

As Defendant correctly notes, Plaintiff does not identify the functional limitations he believes resulted from his benign positional vertigo but were unaccounted for in the RFC. *See* Def.'s Br. (Doc. No. 17) at 9-10. Nor does Plaintiff point to any evidence in the record supporting functional limitations beyond those assessed in the RFC. R. 373 (finding Plaintiff can only "occasionally climb, balance, stoop, kneel, crouch, and crawl" and should "avoid concentrated exposure to hazards, such as unprotected heights and machinery").

Plaintiff "bears the burden of establishing a prima facie case of disability at steps one through four." *Hackett v. Barnhart*, 395 F.3d 1168, 1171 (10th Cir. 2005). "As part of [that] burden, he must provide evidence of his functional limitations." *Maestas v. Colvin*, 618 F. App'x 358, 361 (10th Cir. 2015) (finding RFC was supported by substantial evidence where the plaintiff "cite[d] nothing specific in the medical records to support his alleged functional limitations"); *Allen v. Colvin*, No. CIV-15-773-HE, 2016 WL 3017377,

at *8 (W.D. Okla. May 5, 2016) (R. & R.) (rejecting argument that RFC should have contained additional limitations where the plaintiff "[did] not elucidate with any specificity what those limitations should have been or cite any evidence of record to support additional limitations"), *adopted*, 2016 WL 3017416 (W.D. Okla. May 24, 2016).

Accordingly, Plaintiff's challenge to the ALJ's RFC determination fails to show that reversal is warranted.

## CONCLUSION

The decision of the Commissioner is AFFIRMED. Judgment shall issue accordingly.

ENTERED this 23rd day of September, 2019.

_____
CHARLES B. GOODWIN
United States District Judge